IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Christopher Ocampo, ) | C/A No.: 1:21-1341-TMC-SVH |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER AND NOTICE |
| ) | |
| State of South Carolina, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Christopher Ocampo ("Plaintiff"), proceeding pro se, filed this petition pursuant to 28 U.S.C. § 2254 against the State of South Carolina ("Respondent"). Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district judge.

I.  Factual and Procedural Background

Petitioner is a state prisoner incarcerated at Lee Correctional Institution. [ECF No. 1 at 1]. He brings this petition for writ of habeas corpus challenging the subject matter jurisdiction of the Court of General Sessions, Circuit Court for Spartanburg County, South Carolina, the court that accepted his guilty plea on September 7, 2017 and sentenced him on

September 11, 2017. [*See* ECF No. 1].[1] More specifically, Petitioner argues "that the indictments for armed robbery and attempted armed robbery are merged with a separate charge or count of larceny," and, therefore "[t]his serves to deprive the court of jurisdiction over the charge of armed robbery and attempted armed robbery." [ECF No. 1-1 at 4]. Petitioner further argues that this merging deprived him of his Due Process rights under the Sixth and Fourteenth Amendments and that the indictments are duplicitous, also depriving the court of jurisdiction. [ECF No. 1-1 at 5–6; *see also* ECF No. 1 at 5 ("Ground One: Circuit Court was without subject matter jurisdiction to act over armed robbery due to duplicitous indictments")].

Petitioner states he did not exhaust his administrative remedies through direct appeal or post-conviction proceedings because "[i]ssues related to subject matter jurisdiction may be raised for the first time in any court."

---

[1] Petitioner pled guilty to attempted armed robbery, armed robbery, and two counts of possession of a weapon during the commission of a violent crime and was sentenced to imprisonment for concurrent terms of 18 years each for armed robbery and attempted robbery and 5 years for each weapon charge. *See* Spartanburg County Public Index, http://publicindex.sccourts.org/spartanburg/publicindex/PISearch.aspx (last visited on May 12, 2021). This court takes judicial notice of Petitioner's criminal cases. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

[ECF No. 1 at 5–6, 12; *see also id.* at 7 ("Ground One does not have to be exhausted as it raises jurisdiction of the court")].[2]

II. Discussion

   A. Standard of Review

Under established local procedure in this judicial district, this petition has been carefully reviewed pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. 104-132, 110 Stat. 1214, and other habeas corpus statutes. Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means if the court can reasonably read the pleadings to state a valid claim on which the plaintiff

---

[2] Petitioner did not appeal his plea or sentence but filed a post-conviction relief ("PCR") application on May 10, 2018, asserting grounds unrelated to the present petition. Petitioner's PCR application was dismissed on June 10, 2019. *See* Spartanburg County Public Index, http://publicindex.sccourts.org/spartanburg/publicindex/PISearch.aspx (last visited on May 12, 2021).

could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.   Analysis

Petitioner has failed to exhaust the ground for relief which is the subject of his present petition. A petitioner must exhaust all available state court procedures prior to seeking federal court review of his claim. *See* 28 U.S.C. § 2254(b)(1)(A). The exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). As stated by the Fourth Circuit:

> In the interest of giving state courts the first opportunity to consider alleged constitutional errors occurring in a defendant's state trial and sentencing, a § 2254 petitioner is required to "exhaust" all state court remedies before a federal district court can entertain his claims . . . . To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court. The burden of proving that a claim has been exhausted lies with petitioner. The exhaustion requirement, though not jurisdictional, is strictly enforced . . . .

4

*Matthews v. Evatt*, 105 F.3d 907, 910–11 (4th Cir. 1997) (citations omitted), *overruled on other grounds by United States v. Barnette*, 644 F.3d 192 (4th Cir. 2011).

As stated above, Petitioner raises one ground for relief in his pro se petition for writ of habeas corpus but did not obtain a ruling concerning this ground in state court or in post-conviction proceedings. [*See* ECF No. 1 at 5 ("Ground One: Circuit Court was without subject matter jurisdiction to act over armed robbery due to duplicitous indictments")]. Therefore, this ground is barred.[3] Additionally, Petitioner cannot cure his deficiency because any

---

[3] Although Petitioner cites to the South Carolina Supreme Court's holding that "[i]ssues related to subject matter jurisdiction may be raised at any time," *Carter v. State*, 495 S.E.2d 773, 777 (S.C. 1998), this holding does not apply to federal habeas proceedings. *See, e.g., Sheppard v. McMaster*, C/A No. 3:05-2063-CMC-JRM, 2006 WL 2051979, at *9 (D.S.C. July 21, 2006) ("Since a state defines the subject matter jurisdiction of its courts, a challenge on the basis of lack of subject matter jurisdiction is a quintessential question of state law. Thus, the frequently quoted maximum that a criminal defendant can raise the issue of lack of subject matter jurisdiction at any time should actually be phrased 'at any time he is in state court.' In other words, it is up to South Carolina courts to resolve issues as to whether or not subject matter jurisdiction exists. This court does not review determinations of state law made by South Carolina courts.") (citing *Pulley v. Harris*, 465 U.S. 37 (1984) ("[A] federal court may not issue a writ of habeas corpus on the basis of a perceived error of state law."); *see also, e.g., Davis v. South Carolina*, C/A No. 8:08-2448-SB-BH, 2009 WL 2899011, at *5 (D.S.C. Sept. 8, 2009) (overruling objection to magistrate judge's determinations that (1) petitioner's claim was procedurally defaulted, that the plea court lacked subject matter jurisdiction, "because [it was] never raised in state court" and (2) petitioner could not demonstrate cause and prejudice or actual innocence to excuse the procedural default).

5

future PCR application would be barred as successive under S.C. Code Ann. § 17-27-90. *See, e.g., Aice v. State*, 409 S.E.2d 392 (S.C. 1991).

Accordingly, the court is barred from considering the petition absent a showing of "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim [ ] will result in a fundamental miscarriage of justice." *Matthews*, 105 F.3d at 916. Petitioner has not made such a showing. Therefore, the court "cannot address the merits of his claim . . . ." *Id.* at 917.

## NOTICE CONCERNING AMENDMENT

Petitioner may attempt to correct the defects in his petition by filing an amended petition by June 2, 2021, along with any appropriate service documents. Petitioner is reminded an amended petition replaces the original petition and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Petitioner files an amended petition, the undersigned will conduct screening of the amended petition pursuant to 28 U.S.C. § 1915A. If Petitioner fails to file an amended petition or fails to cure the deficiencies identified above, the undersigned will recommend to the district court that the claims be dismissed without leave for further amendment.

IT IS SO ORDERED.

May 12, 2021                                    Shiva V. Hodges
Columbia, South Carolina                United States Magistrate Judge