IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Christopher Ocampo, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 1:21-cv-01341-TMC |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| State of South Carolina, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Christopher Ocampo ("Petitioner"), a state prisoner proceeding *pro se* and *in forma pauperi*s, seeks relief under 28 U.S.C. § 2254. (ECF Nos. 1; 12; 16). Petitioner filed this Petition for Writ of Habeas Corpus on May 5, 2021. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this matter was referred to a magistrate judge for pretrial handling. On May 12, 2021, the magistrate judge issued an order directing Petitioner to bring the case into proper form by either paying the initial filing fee or moving for leave to proceed *in forma pauperis*. (ECF No. 5). The order further advised Petitioner of his duty to keep the court informed as to his current address. *Id*. at 2. The order warned Petitioner that failure to bring the case into proper form within the time permitted or to keep the court informed of any change in his address may subject the case to dismissal. *Id*. at 1, 2.

On the same day, the magistrate judge also issued an order noting that the Petition is subject to summary dismissal because Petitioner failed to exhaust his administrative remedies as to his claims through direct appeal or post-conviction proceedings. (ECF No. 6). Accordingly, the magistrate judge granted Petitioner until June 2, 2021 to file an Amended Petition curing the deficiencies set forth in the magistrate judge's order. *Id*. at 6. Additionally, the order warned

1

Petitioner that if he failed to file an Amended Petition and cure the defects identified in the order, his case may be subject to dismissal with prejudice. *Id*.

Both orders were mailed to Petitioner on May 12, 2021. (ECF No. 7). Although the deadline set for Petitioner for file his Amended Petition was June 2, 2021, because he was served by mail, he was entitled to an additional three days in which to file pursuant to Federal Rule of Civil Procedure 6(d), making his deadline Monday, June 7, 2021. *See* Rule 12, Rules Governing Section 2254 Proceedings (applying the Federal Rules of Civil Procedure to § 2254 proceedings). On June 14, 2021, having received no response from Petitioner, the magistrate judge entered a Report and Recommendation ("Report"), recommending the court dismiss the Petition with prejudice. (ECF No. 9). However, on June 16, 2021, the court received a motion from Petitioner, dated June 2, 2021, requesting the court extend his deadline to file an amended petition by ninety (90) days. (ECF No. 11). Although the envelope in which Petitioner's motion was filed indicates it was not received by the prison mailroom until June 14, 2021, *see* (ECF No. 11-2), out of an abundance of caution the court assumed that Petitioner delivered his motion to the mailroom on the day it was signed, June 2, 2021. Thus, under the "prison mailbox rule," Petitioner was deemed to have filed his motion when it was delivered to the mailroom on June 2, 2021. *See, e.g.*, *Houston v. Lack*, 487 U.S. 266, 270, 276 (1988). Accordingly, on June 21, 2021, the undersigned issued a text order declining to adopt the Report, granting in part Petitioner's motion and granting him an additional thirty (30) days in which to file an Amended Petition, and remanding the matter back to the magistrate judge. (ECF No. 13). The court's order explicitly warned Petitioner that if he failed to file an Amended Petition within the time permitted or to cure the deficiencies referenced in the magistrate judge's May 12th order, his case may be subject to dismissal. *Id*. This text order was mailed to Petitioner on June 21, 2021, (ECF No. 14), and has not been returned to the court. To

2

date, Petitioner has failed to file an Amended Petition or respond to the court's text order, and the time to do so has now run.

It is well established that a court has the authority to dismiss a case pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute or failure to comply with orders of the court. *See, e.g.*, *Attkisson v. Holder*, 925 F.3d 606, 625 (4th Cir. 2019) (citing *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962)). "The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link,* 370 U.S. 626, 630–31 (1962) (emphasis added). In addition to its inherent authority, this court may also *sua sponte* dismiss a case for lack of prosecution under Fed. R. Civ. P. 41(b). *Attkisson*, 925 F.3d at 625.

In considering whether to dismiss an action pursuant to Rule 41(b), the court should consider four factors:

> (1) the degree of personal responsibility on the part of the plaintiff;
>
> (2) the amount of prejudice to the defendant caused by the delay;
>
> (3) the [plaintiff's history of] proceeding in a dilatory fashion; and,
>
> (4) the effectiveness of sanctions less drastic than dismissal.

*Davis v. Williams*, 588 F.2d 69, 70 (4th Cir.1978) (quoting *McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir. 1976)) (internal quotation marks omitted). These four factors "'are not a rigid four-pronged test'" and whether to dismiss depends on the particular circumstances of the case. *Attkisson*, 925 F.3d at 625 (quoting *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989)). For example, in *Ballard*, the court reasoned that "the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order" was an important factor supporting dismissal. *See Ballard*, 882 F.2d at 95–96.

3

Here, the factors weigh in favor of dismissal. As Petitioner is proceeding *pro se*, he is personally responsible for his failure to comply with the court's order. Petitioner was specifically warned that his case would be subject to dismissal for failure to comply. *See* (ECF Nos. 6, 13); *see also, e.g.*, *Ou-Young v. Robers*, 797 Fed. App'x 112, 113 (4th Cir. 2020) (affirming dismissal under Rule 41(b) where plaintiff failed to comply with court order directing plaintiff to file a signed amended complaint and to bring the case into proper form). The court concludes that Petitioner's lack of response to the court's order, (ECF Nos. 13), indicates an intent to no longer pursue this action and subjects this case to dismissal. *See* Fed. R. Civ. P. 41(b). Furthermore, because Petitioner was explicitly warned that failure to respond or comply would subject his case to dismissal, dismissal is appropriate. *See Ballard*, 882 F.2d at 95.

Accordingly, the court finds that Petitioner's case is subject to dismissal for failure to prosecute under Federal Rule of Civil Procedure 41(b) and for failure to comply with court orders. Therefore, this case is **DISMISSED with prejudice**.[1] The clerk of court shall provide a filed copy of this order to Petitioner at his last known address.

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v.*

---

[1] The magistrate judge warned Petitioner that if he failed to file an Amended Petition within the time permitted, his case may be subject to dismissal with prejudice. (ECF No. 6 at 6). Moreover, as the magistrate judge noted in her order, Petitioner filed an application for post-conviction relief ("PCR") in 2018 asserting claims entirely unrelated to the instant Petition. *Id*. at 3 n.2. "Petitioner raises one ground for relief in his pro se petition . . . but did not obtain a ruling concerning this ground in state court or in post-conviction proceedings." *Id*. at 5. Consequently, as the magistrate judge correctly concluded, Petitioner is barred from raising this claim in federal habeas court. *Id*. Moreover, Petitioner cannot cure this deficiency because any subsequent PCR application would be barred as successive under S.C. Code Ann. § 17-27-90. *Id*. at 5–6; *see also Aice v. State*, 305 S.C. 448, 450, 409 S.E.2d 392, 394 (1991) (holding that "as long as it was possible to raise [an] argument in his first PCR application, an applicant may not raise it in a successive application"). Therefore, because Petitioner is unable to cure the deficiencies barring his claims, the court finds dismissal with prejudice is appropriate.

*Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).  In the instant matter, the court finds that the petitioner failed to make a "substantial showing of the denial of a constitutional right."  Accordingly, the court declines to issue a certificate of appealability.

    **IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

Anderson, South Carolina
July 22, 2021